JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-4368 PA (AGRx) | Date | December 3, 2012 |
|---|---|---|---|
| Title | Avedis Barsoumian v. Aurora Loan Servs., LLC | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

    Before the Court is a Motion to Dismiss the First Amended Complaint, filed by defendant Aurora Loan Services, LLC ("Defendant").  Plaintiff Avedis Barsoumian, as trustee for the Avedis & Maria Barsoumian Family Trust, has filed an Opposition.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds this matter is appropriate for decision without oral argument.  The hearing calendared for December 3, 2012 is vacated, and the matter taken off calendar.

**I.     Background**

    Plaintiff was the owner of the real property located at 4240 Artesia Boulevard, Torrance, CA 905041 (the "Property").  The Property is commercial property from which Plaintiff runs a carpeting business.  On December 7, 2006, Plaintiff obtained a $1,885,000.00 loan from GreenPoint Mortgage Funding, Inc., secured by a Deed of Trust to the Property.  Shortly thereafter, Defendant began servicing Plaintiff's commercial loan.  At some point prior to 2009, Plaintiff defaulted on their loan obligations and a Notice of Trustee's Sale was recorded on October 16, 2009.  In early 2010, Plaintiff received a loan modification from U.S. Bank, N.A., who had become the owner of the Note and Mortgage by assignment, and the Notice of Trustee's sale was rescinded.  Plaintiff again defaulted on his loan obligations and a Notice of Default was recorded on November 9, 2011.  Plaintiff alleges that after falling behind on his payments that second time, he contacted Defendant to negotiate a loan modification plan.  Defendant, merely the servicer of the loan, responded that it did not have the authority to grant a forbearance or negotiate any modification.  After Plaintiff failed to cure that second default, a Notice of Trustee's Sale was again recorded on February 10, 2012, indicating that the Property would be sold at a non-judicial foreclosure sale on March 8, 2012.  The Property was eventually sold at a trustee's sale on March 22, 2012.  The trustee's deed upon sale was recorded on April 12, 2012

    On March 19, 2012, Plaintiff filed this action in Los Angeles Superior Court, alleging the following claims (1) rescission (i.e. wrongful foreclosure); (2) breach of contract; (3) fraud; and (4) violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-4368 PA (AGRx) | Date | December 3, 2012 |
|---|---|---|---|
| Title | Avedis Barsoumian v. Aurora Loan Servs., LLC | | |

Defendant removed the action to this Court on May 21, 2012, on the basis of diversity jurisdiction and federal question jurisdiction. 28 U.S.C. §§ 1331, 1332. Sometime after the filing of the Complaint, the purchaser of the Property filed an unlawful detainer action in Los Angeles Superior Court seeking to eject Plaintiff from the Property. On July 11, 2012, Plaintiff filed a Petition for Temporary Restraining Order, seeking to enjoin Plaintiff's eviction. The Court denied Plaintiff's Petition on July 23, 2012.

On September 26, 2012, in response to Defendant's Motion to Dismiss the Complaint, Plaintiff filed the First Amended Complaint ("FAC"). The allegations in the First Amended Complaint mirrored those in the original Complaint in all material respects. Defendant now moves to dismiss the First Amended Complaint.

Having considered the parties' submissions, and for the reasons that follow, the Court grants Defendant's Motion and dismisses the First Amended Complaint with prejudice.

**II.    Legal Standard: Motion to Dismiss**

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a complaint for "failure to state a claim upon which relief can be granted." In order to survive a Rule 12(b)(6) motion, typically a complaint need only give "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "All allegations of material fact are taken as true and construed in the light most favorable to the plaintiff." In re Stac Elecs. Sec. Litig., 89 F.3d 1399, 1403 (9th Cir. 1996) (quoting In re Wells Fargo Sec. Litig., 12 F.3d 922, 925 (9th Cir. 1993)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted).

Unlike most claims, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "In order to plead fraud with particularity, the complaint must allege the time, place, and content of the fraudulent representation; conclusory allegations do not suffice." Shroyer v. New Cingular Wireless Servs., Inc., 606 F.3d 658, 665 (9th Cir. 2010). If there are multiple defendants a complaint may not lump the defendants together; rather, it must differentiate between the defendants such that each defendant is separately informed of its alleged participation in the fraud. Swartz v. KPMG LLP, 476 F.3d 756, 764-65 (9th Cir. 2007). One of the purposes of Rule 9(b) is "to provide defendants with adequate notice to allow them to defend the charge and deter plaintiffs from the filing of complaint 'as a pretext for the discovery of unknown wrongs.'" Kearns v. Ford Motor Co., 567 F.3d 1120, 1125 (9th Cir. 2009).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-4368 PA (AGRx) | Date | December 3, 2012 |
|---|---|---|---|
| Title | Avedis Barsoumian v. Aurora Loan Servs., LLC | | |

When granting a motion to dismiss, the Court is generally required to grant the plaintiff leave to amend, even if no request to amend the pleading was made, unless amendment would be futile. Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242, 246-47 (9th Cir. 1990). In determining whether amendment would be futile, the court examines whether the complaint could be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint." Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990).

**III.     Analysis**

      A.     Claim for Rescission / Wrongful Foreclosure

Plaintiff alleges that rescission of the sale of Plaintiff's foreclosed property is appropriate because Defendant, Plaintiff's mortgage loan servicer, "violated California Civil Code §§ 2924c(a)(1) and (e) in refusing to allow Plaintiff to cure the alleged default and reinstate the loan prior to foreclosure." (FAC ¶ 28.) Essentially, Plaintiff alleges that Defendant wrongfully refused Plaintiff's valid tender of the remaining indebtedness on his loan and thus violated Plaintiff's right of redemption. (Id. ¶ 30, 31.)

"Under California law, the 'tender rule' requires that as a precondition to challenging a foreclosure sale, or any cause of action implicitly integrated to the sale, the borrower must make a valid and viable tender of payment of the secured debt." Montoya v. Countrywide Bank, F.S.B., 2009 U.S. Dist. LEXIS 53920, at *11 (N.D. Cal. June 25, 2009) (citations omitted). Thus, "[a] valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust." Karlsen v. Am. Sav. & Loan Ass'n, 15 Cal. App. 3d 112, 117, 92 Cal. Rptr. 851 (1971).

Moreover, a plaintiff must "tender the obligation in full as a prerequisite to challenge of the foreclosure sale." U.S. Cold Storage v. Great W. Sav. & Loan Ass'n, 165 Cal. App. 3d 1214, 1222, 212 Cal. Rptr. 232 (1985). Indeed, "[i]t would be futile to set aside a foreclosure sale on . . . technical ground[s], if the party making the challenge did not first make full tender and thereby establish his ability to purchase the property." Id. at 1225. "The rules which govern tender are strict and are strictly applied." Gaffney v. Downey Sav. & Loan Ass'n, 200 Cal. App. 3d 1154, 1165, 246 Cal. Rptr. 421 (1988). Moreover, "[f]or an offer of tender to be valid, it must be unconditional." Christopher v. First Franklin Fin. Corp., 2010 U.S. Dist. LEXIS 103952, at *3 (S.D. Cal. Sept. 29, 2010) (citing Karlsen, 15 Cal. App. 3d at 118-20).

Here, Plaintiff alleges that he "advised Defendant that [he] had an investor that was willing to provide sufficient financial contribution to cure the purported default." (FAC ¶ 20.) Following the recording of the second Notice of Trustee's Sale, "Plaintiff made an offer to tender the full amount but was again ignored by Defendant." (Id. ¶ 24.) Plaintiff's offer of tender as alleged in the FAC is insufficient to meet the tender rule or infer any wrongful foreclosure by Defendant. Plaintiff's offer was

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-4368 PA (AGRx) | Date | December 3, 2012 |
|---|---|---|---|
| Title | Avedis Barsoumian v. Aurora Loan Servs., LLC | | |

not "unconditional", nor did it comprise an offer to make immediate tender – rather; Plaintiff's offer was contingent on receiving the funds at a later date from an unidentified investor. This is not tender. See Jacobson v. Balboa Arms Drive Trust, 2011 U.S. Dist. LEXIS 84583 (S.D. Cal. Aug. 1, 2011) (holding that "a showing of Plaintiffs' ability to pay their outstanding indebtedness that is contingent upon some other event—here, the purchase of the Property by an individual who is not a party to the suit—is not tender"). Moreover, Plaintiff's allegations regarding tender are wholly conclusory, lacking in any supporting factual allegations.

Plaintiff has failed to adequately allege tender. Thus, he cannot state a claim for wrongful foreclosure or a violation of California's right of redemption.

B. Breach of Contract

Under California law, to prevail on a breach of contract claim, a plaintiff must show: (1) the existence of a contract; (2) performance by the plaintiff; (3) a breach by the defendant; and (4) damages. See Careau & Co. v. Sec. Pac. Bus. Credit, Inc., 222 Cal. App. 3d 1371, 1399, 272 Cal. Rptr. 387 (1990).

Plaintiff alleges that Defendant breached the Deed of Trust by (1) "creating third party beneficiaries to the loan agreement and allowing these third parties to interfere in the operation of Plaintiff's loan" (FAC ¶ 37), and (2) failing to notify Plaintiff of the assignments in ownership and servicing of the loan" (id. ¶ 37).

Plaintiff's theory as to the existence of a contract between Plaintiff and Defendant is that Defendant was a party to the Deed of Trust by assignment. (See Opp'n at 4-5.) However, Plaintiff never states when or under what conditions Defendant became the assignee of the Deed of Trust and Note, and judicially noticeable documents indicate that such assignment never occurred. (See Def.'s Request for Judicial Notice, Exs. 1-4 (loan documents and recorded instruments indicating that the loan was assigned from GreenPoint, the original lender, to US Bank, and that Defendant was at all times merely the servicer of the loan).

In any event, Plaintiff cannot state a claim for breach of contract because the allegations in the FAC indicate that he did not comply with the terms of the Deed of Trust and Note. Plaintiff's FAC admits that he was behind on his mortgage payments and in default on the loan. (See FAC ¶¶ 12-14, 20.) Accordingly, even if Plaintiff could demonstrate that Defendant was bound by the Deed of Trust and Note, Plaintiff has failed to plead that performed his obligations under that contract. Accordingly, Plaintiff's claim for breach of contract is dismissed with prejudice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-4368 PA (AGRx) | Date | December 3, 2012 |
|---|---|---|---|
| Title | Avedis Barsoumian v. Aurora Loan Servs., LLC | | |

C.  Fraud

Plaintiff next brings a claim against Defendant for fraud.  Plaintiff alleges that Defendant "made material misrepresentations regarding the ownership of Plaintiff's loan and Defendant's authority . . . to foreclose on Plaintiff's loan."  (FAC ¶¶ 41-42.)  Plaintiff alleges that he "relied upon Defendant's representations in attempting to negotiate a resolution with Defendant rather than the actual owner of the loan."  (Id. ¶ 43.)

First, the Court notes that Plaintiff's allegations are internally inconsistent.  Plaintiff alleges plainly that Defendant advised Plaintiff that Defendant was unable, as the mere servicer of the loan, to negotiate a forbearance or loan modification with Defendant.  (Id. ¶ 14.)  Thus, it is curious that Defendant would then continue in its "attempt[s] to negotiate a resolution with Defendant."  (Id. ¶ 43.)

Moreover, Plaintiff fails to plead his fraud claim with any specificity.  As noted above, unlike most claims, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  "In order to plead fraud with particularity, the complaint must allege the time, place, and content of the fraudulent representation; conclusory allegations do not suffice."  Shroyer, 606 F.3d at 665.  Plaintiff does not allege with whom he spoke or when; nor does he state with any particularity the content of the alleged misrepresentations.  These failures are fatal to Plaintiff's fraud claim.

D.  TILA Claim

Finally, Plaintiff alleges that Defendant "failed to provide Plaintiff with the required [TILA] disclosures at [the] closing" of Plaintiff's loan by "failing to disclose its affiliated business relationship and their roles and responsibilities to Plaintiff."  (FAC ¶¶ 47-48.)  Plaintiff also alleges that Defendant violated TILA by "assigning Plaintiff's loan to a mortgage-backed securities pool without prior notice or consent of Plaintiff" and by "assigning Plaintiff's loan in a manner inconsistent with the California Uniform Commercial Code."  (Id. ¶ 49.)

Under TILA, loan servicers that do not own the loan obligation are not liable under TILA.  See, e.g., Che v. Aurora Loan Services, LLC, 2012 U.S. Dist. LEXIS 51642, at *2 (C.D. Cal. Mar. 15, 2012) ("For a loan servicer to be subject to liability for a violation of the TILA, the loan servicer must also own the subject loan.") (citations omitted); Horton v. Country Mortg. Servs., 2010 U.S. Dist. LEXIS 67 (N.D. Ill. Jan. 4, 2010).  Here, Plaintiff does not allege that Defendant was the owner of the loan by assignment or otherwise, and as noted above, judicially-noticeable documents show otherwise.  Moreover, and tellingly, Plaintiff's Opposition does not address Defendant's claim that, as the mere servicer of the loan, it is not subject to TILA's provisions.  Accordingly, the Court dismisses this claim with prejudice.

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-4368 PA (AGRx) | Date | December 3, 2012 |
|---|---|---|---|
| Title | Avedis Barsoumian v. Aurora Loan Servs., LLC | | |

**Conclusion**

  In light of the foregoing, the Court grants Defendants' Motion to Dismiss the FAC. Plaintiff has already had numerous opportunities to cure the deficiencies in his complaint, beginning with the Court's Order denying Plaintiff's Petition for a Temporary Restraining Order. Since that time, Plaintiff's allegations and underlying theories have remained substantially the same, and nothing in Plaintiff's briefing indicates that further amendment would lead to a different result. Accordingly, the Court finds that granting Plaintiff leave to amend the FAC would be futile. Accordingly, the Court dismisses Plaintiff's action with prejudice.

  IT IS SO ORDERED.